*In Re* Certain Complaints Against Thomas H. Holton.

JANUARY 7, 1914.

Present:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Attorneys at Law. Unprofessional Conduct.*

Upon three complaints against an attorney, it appeared that in two cases respondent had appropriated to his own use and spent or otherwise dissi-

pated money of his clients. In the third case, the acts did not grow out of the relation of attorney and client, so as to form the basis for any summary order for the payment of money to complainant, but the transactions demonstrated a moral condition inconsistent with a proper appreciation and discharge of professional obligations.

*Held*, that respondent should be disbarred.

COMPLAINTS AGAINST AN ATTORNEY AT LAW. Heard and order entered disbarring respondent.

PER CURIAM. These complaints were filed respectively on August 2, 1913, October 28, 1913, and November 6, 1913. The first two complaints set forth the collection of certain moneys by the respondent in his capacity as an attorney at law and his neglect and refusal to pay over the same when requested so to do. The amount involved is substantial, aggregating some $2,600. The larger part of this sum has been due for a long period, to wit, since March 26, 1910, the respondent having repeatedly, in the meantime, promised to pay the amount due. The third complaint sets forth that the respondent, who had previously acted for the complainant as an attorney at law in various other matters, persuaded the complainant at sundry times to place in his hands, for the purposes of investment, certain sums of money, the unpaid balance now aggregating some $2,300; that at another time he prevailed upon her to indorse a certain note in blank upon the understanding that such note should be filled out for a sum not exceeding one thousand dollars and should also be indorsed by two other reliable persons; that the respondent filled out said note for fifteen hundred dollars and procured the same to be discounted without obtaining thereupon the name of any other person or persons as indorser or indorsers; and that, in respect to the moneys placed in the respondent's hands for investment, he had failed to make any investment thereof, but on the contrary had appropriated the same to his own uses and purposes, and had squandered the same in games of chance.

These complaints were referred, in the usual course, to the "Committee on Complaints against members of the Rhode Island Bar" for examination and report. Before this Committee the parties and their witnesses were heard and a report was made, in each case, finding the truth of the charges and recommending an investigation by this court and such disciplinary action as the circumstances might seem to require.

A hearing has now been had before this court upon each of the complaints and the respondent substantially admits the truth of the several charges contained therein.

In the first and second matter of complaint, the respondent has appropriated to his own use and spent or otherwise dissipated the money of his clients. In the matter of the third complaint, the transactions therein referred to do not appear to have grown out of the relation of attorney and client and they cannot, therefore, form the basis for any summary order for the payment of money by the respondent to the complainant. These transactions, however, so far as they demonstrate a moral condition inconsistent with a proper appreciation and discharge of professional duties and obligations may properly be considered.

We think that the respondent should be disbarred and an order to that effect will be entered accordingly.